# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------------X

In re:

BLAKE OF CHICAGO CORP., *et al.,*

                      Debtors.

Chapter 11

Case Nos. 04-12002 (JLP)

(Jointly Administered)

---------------------------------------------------------------X

MHR CAPITAL PARTNERS LP, MHR
INSTITUTIONAL PARTNERS LP, MHRM
LP, AND MHR FUND MANAGEMENT LLC,

                  Appellants,

       v.

BLAKE OF CHICAGO CORP., *et al.*,
f/k/a A.B. DICK COMPANY, *et al*., AND
PRESSTEK, INC.,

                  Appellees.

Appeal No. 04-CV-1498

---------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF APPELLEE'S
## MOTION TO DISMISS APPEAL AS MOOT

MONZACK AND MONACO, P.A.
Francis A. Monaco (No. 2078)
Joseph J. Bodnar (No. 2512)
400 Commerce Center
Twelfth and Orange Streets
P.O. Box 2031
Wilmington, Delaware 19899
(302) 656-8162

McDERMOTT WILL & EMERY LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 547-5400

*Of Counsel*
*Attorneys for Presstek, Inc.*

April 8, 2005

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ...............................................................1

SUMMARY OF ARGUMENT ............................................................................... 1

STATEMENT OF FACTS ................................................................. 1

ARGUMENT.............................................................................................................3

CONCLUSION.........................................................................................................6

NYK 959492-1.069646.0011

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Cinicola v. Scharfenberger*, 248 F.3d 110 (3d Cir. 2001) ..................................................... 3, 4, 5

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490 (3d Cir. 1998).................... 3

*In re Polaroid Corporation, et. al.*, 2004 WL 253479 (D. Del. 2004) ...................................... 3, 4

*In re Rickel Home Centers, Inc.*, 209 F.3d 291 (3d Cir. 2000) ............................................... 3, 5, 6

*In re Stadium Mgmt. Corp.*, 895 F.2d 845 (1st Cir. 1990) ............................................................ 5

*In re Trism, Inc.*, 328 F.3d 1003 (8th Cir. 2003) .................................................................... 4, 5

**<u>Statutes</u>**

11 U.S.C. §363 (2005) ............................................................................................................ passim

NYK 959492-1.069646.0011

## NATURE AND STAGE OF PROCEEDINGS

Appellants ("MHR") filed the present appeal seeking to reverse an order of the Bankruptcy Court (the "Sale Order") dated November  2004, approving the sale of substantially all of the assets of Appellee Blake of Chicago, Inc. ("ABD") to a subsidiary of Appellee Presstek, Inc. ("Presstek") pursuant to Section 363 of the Bankruptcy Code.  The Sale Order issued on November 3, 2004 and the sale closed two days later.  MHR now asks this Court to reverse the Sale Order in a manner that would affect the validity of the Sale.

## SUMMARY OF ARGUMENT

Under governing Third Circuit law, this Court can not grant the relief sought by MHR on this appeal.  MHR asked this Court to reverse that approval of the Sale in its entirety, or, alternatively, to reverse that portion of the Sale Order releasing Presstek from any claims by the bankruptcy estate. Such relief would either eviscerate the Sale Order or remove a provision that, as the record clearly demonstrates, was both bargained-for consideration and an absolute prerequisite for Presstek agreeing to consummate a purchase.  Both qualify as actions that would affect the validity of the sale under standards enunciated by the Third Circuit.  This Court can not award such relief unless MHR had obtained a stay of the Sale closing, which it did not even seek, let alone obtain.  In fact, MHR failed to even seek a stay of the closing.  As a result, MHR's appeal is moot and should be dismissed.

## STATEMENT OF FACTS

ABD filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 13, 2004.  On July 22, 2004, the Debtors filed their motion, seeking authority to sell their business to Presstek and Silver pursuant to the terms of the APA, unless an auction process

42645

resulted in higher and better offers (the "Sale Motion"). MHR objected to both the Bidding Procedures Motion and the Sale Motion, in part based on its contention that Presstek was not a good faith purchaser. At a hearing on August 23, 2004, the Bankruptcy Court (Judge Case presiding), held a hearing on the Bidding Procedures Motion and rejected MHR's contentions.

After an extended period of soliciting bids, ABD held an auction of the Assets on November 1, 2004. Only one qualifying bid was received – Presstek's. On November 2nd and 3rd, 2004, the Bankruptcy Court (Judge Peterson presiding) conducted a hearing to determine whether to approve the sale to Silver (the "Sale Hearing"). MHR again asserted that Presstek was not a good faith purchaser, and the Bankruptcy Court again rejected MHR's contentions, and issued the Sale Order, which included finding that Presstek was a good faith purchaser.

After this two-day evidentiary hearing where MHR presented no witnesses and offered into evidence no documents in support of its claim that Silver was not a good faith purchaser, the Bankruptcy Court entered the Sale Order, containing multiple and explicit findings of good faith and arms' length negotiations. (B269, Sale Order ¶ 2). For example, it provides that upon "[t]he execution, delivery, and closing of the Asset Purchase Agreement, the Assets to be sold and the interests to be assigned will have been acquired by Silver [Presstek's wholly owed subsidiary] *in good faith and as a result of arm's length negotiations.*" (B264, Sale Order ¶ E.) (emphasis added). In addition, the Sale Order found that "Asset Purchase Agreement was negotiated, proposed, and entered into by the Parent (as defined in the Sale Order) and the Sale Debtors, on one hand, and Presstek . . . on the other hand, *without collusion, in good faith, and from arm's length bargaining positions.*" (B265, Sale Order ¶ I.) (emphasis added) "[Pressek is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby." (B265, Sale Order ¶ J.) (A full discussion of

- 2 -

Silver and Presstek's status as good faith purchasers is set forth in Presstek's Answering Brief filed simultaneous with this Motion.)

On November 4, 2004, MHR filed its Notice of Appeal of the Sale Order, but did not seek a stay of the sale on appeal. The Sale closed on November 5, 2004.

## ARGUMENT

Section 363(m) is intended to "promote certainty and finality in bankruptcy sales[.]" *In re Polaroid Corporation, et al.*, 2004 WL 253479, *1 (D. Del. 2004) (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 121-22 (3d Cir. 2001)). It fosters the policy of "not only according finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely." *Id.* (citing *Id*. at 122 n. 13).

In this circuit, an appeal of a section 363 sale order is moot if the underlying sale was not stayed pending appeal and if reversing or modifying the sale order would affect the validity of the sale. *Cinicola v. Scharffenberger*, 248 F.3d 110, 112 (3d Cir. 2001); *see also In re Rickel Home Centers, Inc*, 209 F. 3d 291, 298 (3d Cir. 2000); *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998).

It is undisputed that MHR did not seek a stay pending appeal of the Sale Order. Therefore, the only remaining issue is whether or not a reversal or modification of the Sale Order would affect the validity of the sale. MHR seeks a reversal of the Sale Order "in its entirety," or alternatively, a reversal of the portion of the Sale Order releasing Presstek from the Debtors' claims. As both forms of the requested relief would affect the validity of the sale, the Appeal should be dismissed as moot.

A reversal of the sale order would undeniably affect the validity of a sale pursuant to section 363. *See In re Polaroid Corp.*, 2004 WL 253479, *1 ("reversing the Bankruptcy

Court's order approving the sale would *clearly* affect the sale's validity." (emphasis added)).  A reversal of the Sale Order here would result in nothing short of chaos.  Most noticeably, Presstek would have to return $40 million which is no long has if the Sale Order were reversed.

Alternatively, MHR argues that "at the very least" the Court should reverse that portion of the Sale Order that released the Debtors' claims against Presstek related to a purported stock purchase agreement referred to in the Appellants' opening brief.  (MHR Brief, p.4.)  That argument fails to take into account that a reversal of the release directly affects the validity of the Sale Order.  The significance of the release to Presstek was explicitly acknowledged at the Sale Hearing and was an express condition of Presstek's willingness to consummate the sale. Therefore, the Appeal's request for a reversal of the release would affect the validity of the sale and the Appeal is therefore moot under section 363(m).  *See e.g. In re Trism, Inc.*, 328 F.3d 1003 (8th Cir. 2003).

In *In re Trism*, the United States Court of Appeals for the Eighth Circuit, following same two-prong test for statutory mootness adopted by the Third Circuit, held that a modification of a sale order to exclude a release provision "affects the validity of a sale."  *Id.* at 1007.  The bankruptcy court had approved a sale order containing a provision releasing claims against the company's majority shareholder and a lender.  *Id.* at 1005-6.  The creditors' committee appealed to the Bankruptcy Appellate Panel for the Eighth Circuit (the  "BAP").  The Eighth Circuit affirmed the decision of the BAP that a "challenge to a related provision of an order authorizing the sale of the debtor's assets affects the validity of the sale when the related provision is integral to the sale of the debtor's assets."  *Id.*  at 1007.  Relying on the Third Circuit's decision in *Cinicola,* the Court stated, "[a] provision is integral if the provision is so closely linked to the agreement governing the sale that modifying or reversing the provision

- 4 -

would adversely alter the parties' bargained-for exchange." *Id.* (citing *Cinicola*, 248 F.3d at 125-26; *In re Stadium Mgmt. Corp.*, 895 F.2d 845, 849 (1st Cir. 1990)).

The Sale Hearing demonstrates the release could not have been more integral to the Sale Order. At the Sale Hearing, Presstek specifically stated that it "bargained for a release of the Estate claim." (B511, Sale Hearing Tr. at 81.) As Presstek's counsel told the Court,

> it is absolutely part of the bargain for consideration that we have a release from
> the Estate, and *without it Presstek is not prepared to proceed*.

B512, Sale Hearing Tr. at 82.

The Bankruptcy Court had entertained the possibility of not including the release in the Sale Order. Subsequent to Presstek's counsel's insistence on the release, the Court reviewed the APA and concluded that a deletion of the release was "*off the table*." (B523-B524, Sale Hearing Tr. at 93-4). In fact, the release was so integral to the sale between the Debtors and Presstek that without it, there would have been no sale.

- 5 -

## CONCLUSION

For the foregoing reasons, Presstek respectfully requests that the Court dismiss

the Appeal as moot.

Dated:  April 8, 2005
        Wilmington, Delaware


                                    Respectfully submitted,

                                    MONZACK AND MONACO, P.A.

                                    By: ___/s/ Kevin J. Mangan_____

                                    Francis A. Monaco, Jr. (No. 2078)
                                    Joseph J. Bodnar (No. 2512)
                                    Kevin J. Mangan (No. 3810)
                                    1201 Orange Street, Ste. 400
                                    Wilmington, Delaware 19801
                                    kmangan@monlaw.com
                                    (302) 656-8162


                                    - and –

                                    McDERMOTT WILL & EMERY LLP
                                    Stephen B. Selbst
                                    Lawrence J. Slattery
                                    Gary O. Ravert
                                    50 Rockefeller Plaza
                                    New York, New York 10020
                                    (212) 547-5400

                                    *Of Counsel*
                                    *Attorneys for Presstek, Inc.*

- 6 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------X

In re:

BLAKE OF CHICAGO CORP., *et al.,*

                     Debtors.

Chapter 11
Case Nos. 04-12002 (JLP)
(Jointly Administered)

-------------------------------------------------------------X

MHR CAPITAL PARTNERS LP, MHR
INSTITUTIONAL PARTNERS LP, MHRM
LP, AND MHR FUND MANAGEMENT LLC,

                  Appellants,

        v.

BLAKE OF CHICAGO CORP., *et al.*,
f/k/a A.B. DICK COMPANY, *et al*., AND
PRESSTEK, INC.,

                  Appellees.

Appeal No. 04-CV-1498

-------------------------------------------------------------X

## <u>CERTIFICATE of SERVICE</u>

**Jeffrey Schlerf, Esq.**
**GianClaudio Finizio, Esq.**
**The Bayard Firm**
**222 Delaware Avenue, Ste. 900**
**Wilmington, DE 19801**
**F:  (302) 658-6395**
**(Committee Counsel)**

**Federick B. Rosner, Esq.**
**Jaspan Schlesinger Hoffman LLP**
**1201 North Orange Street, Ste. 1001**
**Wilmington, DE 19801**
**F:  (302) 351-8010**
**(Debtors' Counsel)**

**David Klauder, Esq.**
**Office of the United States Trustee**
**844 King Street, 2nd Floor**
**Wilmington, DE 19801**
**F:  (302) 573-6497**

- 7 -

**Megan Harper, Esquire**
**Landis Rath & Cobb LLP**
**919 Market Street, Ste. 600**
**Wilmington, DE 19801**
**(MHR)**

**Jami Nimeroff, Esquire**
**Buchanan Ingersoll PC**
**The Nemours Building**
**1007 North Orange Street, Ste. 1110**
**Wilmington, DE 19801**

Dated: April 8, 2005

MONZACK AND MONACO, P.A.

__/s/ Kevin J. Mangan_____
Francis A. Monaco (No. 2078)
Joseph J. Bodnar (No. 2512)
Kevin J. Mangan (No. 3810)
1201 Orange Street, Ste. 400
Wilmington, Delaware 19801
kmangan@monlaw.com
(302) 656-8162

McDERMOTT WILL & EMERY LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 547-5400

*Of Counsel*
*Attorneys for Presstek, Inc.*