UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
In re:                                              )
                                                    )   Chapter 11
BLAKE OF CHICAGO CORP., et al.,                     )   Case Nos. 04-12002 (JLP)
                                                    )   (Jointly Administered)
                      Debtors.                      )
-----------------------------------------------------------X
MHR CAPITAL PARTNERS LP, MHR                        )
INSTITUTIONAL PARTNERS LP, MHR                      )
LP, AND MHR FUND MANAGEMENT LLC,                    )
                                                    )   Appeal No. 04-CV-1498
                      Appellants,                   )
                                                    )
           v.                                       )
                                                    )
BLAKE OF CHICAGO CORP., et al,.                     )
f/k/a A.B. Dick COMPANY, et al., and                )
PRESSTEK, INC.                                      )
                                                    )
                      Appellees                     )
-----------------------------------------------------------X
```

**REPLY BRIEF OF APPELLEE PRESSTEK, INC.**

MONZACK AND MONACO, P.A
Francis A. Monaco, Jr.
1201 Orange St., Ste. 400
Wilmington, Delaware 19801
(302) 656-8162

McDERMOTT WILL & EMERY LLP
Stephen B. Selbst
Lawrence J. Slattery
Gary O. Ravert
50 Rockefeller Plaza
New York, New York 10020
(212) 547-5400

*Of Counsel Attorneys for Presstek, Inc.*

Dated: May 2, 2005

NYK 962705-2.069646.0011

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ............................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................................1

ARGUMENT ....................................................................................................................................2

CONCLUSION .................................................................................................................................4

NYK 962705-2.069646.0011

## TABLE OF AUTHORITIES

**Cases**

*Cinicola v. Scharffenberger*, 248 F.3d 110, 112 (3d Cir. 2001) ............................................ 1, 3

*In re Abbotts Dairies of Pa.*, 788 F.2d 143 (3d Cir. 1986) ..................................................... 1, 2

*In re Continental Airlines*, 91 F.3d 553, 558 (3d Cir. 1996) ..................................................... 4

*In re Tempo Tech. Corp.*, 202 B.R. 363 (D. Del. 1996) ........................................................ 1, 2

*In re Polaroid Corp.*, 2004 U.S. Dist. LEXIS 19822 (D. Del.) ............................................... 4

*In re Trans World Airlines*, 2002 U.S. Dist. LEXIS 5951 (D. Del.) ....................................... 4

*In re Rickel Home Centers*, 209 F.3d 291 (3d Cir. 2000) ....................................................... 4

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499
(3d Cir. 1998) ........................................................................................................................ 1, 3

**Statutes**

11 U.S.C. § 363(b) ................................................................................................................ 2, 3

11 U.S.C. § 363(m) ............................................................................................................ 1, 2, 3

Fed. R. Civ. P. 62(a) ................................................................................................................. 2

Fed. R. Bankr. P. 7062 .............................................................................................................. 3

NYK 962705-2.069646.0011

Presstek, Inc. ("Presstek"), by its undersigned counsel, hereby submits this reply brief in further support of its motion to dismiss (the "Motion to Dismiss") as moot the appeal of MHR Capital Partners LP, MHR Institutional Partners LP, MHRM LP and MHR Fund Management LLC (collectively, "MHR" or "Appellants").

## PRELIMINARY STATEMENT

In its opening papers, Presstek cited the Third Circuit's standard for determining whether an appeal from a sale order issued pursuant to 11 U.S.C. § 363(m) is moot, citing Third Circuit cases, decided in 1998 and 2001, in support of this standard. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998) and *Cinicola v. Scharffenberger*, 248 F.3d 110, 112 (3d Cir. 2001). Appellant's responsive papers ignore the first and barely acknowledge the second.

Rather than deal with the controlling Third Circuit law, Appellant asserts that the mootness doctrine does not apply when a party appeals from a bankruptcy court's finding that the Section 363 purchaser was good faith purchaser. To support that proposition, Appellant cites a 1986 Third Circuit opinion that did not address the question of mootness in a Section 363 sale. They also cite a 1996 district court decision held that the appeal was moot and then went on to castigate the appellant for failing to seek and obtain a stay of the sale. MHR cites those cases despite the fact that it obviously is aware of the proper test for mootness in the Third Circuit. In its opening brief on its appeal, MHR attached two cases that *granted* motions to dismiss appeals from Section 363 sale orders on the grounds of mootness based on *Krebs* and *Cinicola*.

## ARGUMENT

The Appellants assert in their answering brief that this motion should be governed by opinions in *In re Abbotts Dairies of Pa.*, 788 F.2d 143 (3d Cir. 1986) and *In re Tempo Tech. Corp.*, 202 B.R. 363 (D. Del. 1996). Both decisions predate *Cinicola* and *Krebs*. Neither *Abbotts Dairies* nor *Tempo Tech* stands for this proposition asserted by Appellant. *Abbotts Dairies* challenged a Section 363 sale order that did not contain a finding by the Bankruptcy Court that the buyer was a good faith purchaser. 788 F.2d 143. The Third Circuit remanded the case back to the Bankruptcy Court, instructing it to make a finding with respect to the good faith of the purchaser. *Id.* at 149-50. The Sale Order on the present appeal complied with the *Abbotts Dairies* holding, as the Bankruptcy Court determined that Presstek was a good faith purchaser. (B269, Sale Order ¶2).

The second case cited by Appellant, *Tempo Tech.*, upheld the Bankruptcy Court's finding of good faith and dismissed the appeal as moot pursuant to section 363(m). 202 B.R. 363 (D. Del. 1996). The *Tempo Tech.* court stated that that failure to obtain a stay of the sale alone does not automatically moot an appeal of the sale. It then went on to excoriate the appellant for not seeking a stay. *Id.* at 365-66, 373. The Court pointed out that the appellants knew that a Section 363 order was exempt from the automatic stay and therefore should have understood the importance of an appellant immediately and explicitly seeking a stay of a section 363 sale. The court then noted that "[b]y not seeking a stay allowing them to preserve their position on appeal, Appellants must now live with the consequences . . . ." *Id*. The *Tempo Tech* court then held that

> [the appellant] did not bother to file a written stay motion as explicitly required by the bankruptcy court. In light of prevailing precedent, the amended Bankruptcy Rule 7062, and the direction of the bankruptcy court itself, [appellant] should have availed itself of the procedural mechanisms afforded by the Bankruptcy Code on its ultimate quest of appealing the merits of the bankruptcy court's order. In short, although further review is precluded because this appeal is moot, it is moot because the counsel sat on his clients' rights.

2

*Id.* at 374.

More significantly, MHR's Appeal should be dismissed based on the Third Circuit standard for mootness of a Section 363(b) sale that has been clearly developed subsequent to the *Tempo Tech.* case. As noted in Presstek's opening papers, an appeal from a Section 363 sale is moot if the underlying sale was not stayed pending appeal and if reversing or modifying the sale order would affect the validity of the sale. *Cinicola v. Scharffenberger*, 248 F.3d 110, 112 (3d Cir. 2001); *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998).

This standard for an appeal of a 363(b) sale clearly applies to appeals challenging the good faith of a 363 sale, as does MHR's Appeal. Appellants cannot deny that this standard for mootness applies to appeals challenging the Bankruptcy Court's determination of the good faith of the purchaser. In fact, MHR cited to and attached two cases to their opening brief that dismissed challenges of good faith status based on this exact test. *See In re Polaroid Corp.*, 2004 U.S. Dist. LEXIS 19822 (D. Del.); *In re Trans World Airlines*, 2002 U.S. Dist. LEXIS 5951 (D. Del.). In *Polaroid,* this Court directly stated that the appellant's "challenges to the validity of the Sale Order are statutorily moot under Section 363(m) of the Bankruptcy Code." 2004 U.S. Dist. LEXIS 19822 at *5. Citing *Cinicola* and *Krebs*, the court dismissed the appeal as moot because the Bankruptcy Court's findings were supported by the record and the appellant had not obtained a stay and a vacation of the sale order would undermine the validity of the sale. *Id.* at *6-7; *see also Trans World Airlines, Inc.* 2002 U.S. Dist. LEXIS 5951 (D. Del. 2002) at *4-6.

3

Following this well-established test for statutory mootness, this Court should dismiss MHR's Appeal as moot because MHR failed to obtain a stay of the sale and now requests relief that would affect the validity of the sale.[1]

Finally, Appellants assert that Presstek failed to produce evidence that the Debtors' assets have been "irreversibly commingled" with Presstek's assets. However, proving "irreversibly commingled" assets is not required in the Third Circuit to obtain a dismissal of an appeal as moot. Case law within the Third Circuit, as stated above, is clear, that without obtaining a stay, if the relief requested would affect the validity of the sale, there can be no reversal of a sale to a good faith purchaser.

## CONCLUSION

For the forgoing reasons, and those set forth within Presstek's memorandum of law in support of the Motion to Dismiss, the Appeal should be dismissed as moot.

---

[1] As in *Polaroid*, the Appellant's appeal should additionally be dismissed as equitably moot. Under equitable mootness, "an appeal should . . . be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Rickel Home Centers*, 209 F.3d 291, 304 (3d. Cir. 2000) (citing *In re Continental Airlines*, 91 F.3d 553, 558 (3d Cir. 1996)). MHR's failure to obtain a stay immediately subsequent to the approval of the sale order has resulted in substantial commingling of the funds. MHR should not be allowed create the logistical and financial chaos by reversing the sale order months after its approval. A reversal of the sale would not only be difficult to implement, but would unfairly damage the purchased business.

Dated: May 2, 2005

        Respectfully submitted,

        MONZACK AND MONACO, P.A.

        By: __/s/ Francis A. Monaco, Jr.__

        Francis A. Monaco, Jr. (No. 2078)
        Joseph J. Bodnar (No. 2512)
        1201 Orange Street, Ste. 400
        Wilmington, Delaware 19801
        fmonaco@monlaw.com
        (302) 656 -8162

        - and –

        McDERMOTT WILL & EMERY LLP
        Stephen B. Selbst
        Lawrence J. Slattery
        Gary O. Ravert
        50 Rockefeller Plaza
        New York, New York 10020
        (212) 547-5400

        *Of Counsel*
        *Attorneys for Presstek, Inc.*

**CERTIFICATE OF SERVICE**

  I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the foregoing document was made on May 2, 2005 upon:

**Jeffrey Schlerf, Esq.**
**GianClaudio Finizio, Esq.**
**The Bayard Firm**
**222 Delaware Avenue, Ste. 900**
**Wilmington, DE 19801**
**F:  (302) 658-6395**
**(Committee Counsel)**

**McGuirewoods LLP**
**Richard J. Mason, Esquire**
**Michael M. Schmahl, Esq.**
**77 West Wacker Drive**
**Ste. 4400**
**Chicago, IL 60601**
**F:  (312) 849-3690**
**(Committee Counsel)**

**Marshall Beill**
**McGuirewoods LLP**
**1345 Avenue of the Americas**
**Seventh Floor**
**New York, NY 10105**
**F:  (212) 548-2150**
**(Committee Counsel)**

**H. Jeffrey Schwartz, Esq.**
**John Gleason, Esq.**
**Benesch Friedlander Coplan & Aronoff LLP**
**2300 BP Tower**
**200 Public Square**
**Cleveland, OH 44114**
**F:  (216) 363-4500**
**(Debtors' Counsel)**

Document #: 38120

**Federick B. Rosner, Esq.**
**Jaspan Schlesinger Hoffman LLP**
**1201 North Orange Street, Ste. 1001**
**Wilmington, DE 19801**
**F:  (302) 351-8010**
**(Debtors' Counsel)**

**David Klauder, Esq.**
**Office of the United States Trustee**
**844 King Street, 2nd Floor**
**Wilmington, DE 19801**
**F:  (302) 573-6497**

**Jami B. Nimeroff, Esq.**
**Buchanan Ingersoll PC**
**The Nemours Building**
**1007 North Orange Street, Ste. 1110**
**Wilmington, DE 19801**
**F:  (302) 428-3996**
**(Counsel to Key Bank)**

**Thomas G. Whalen, Jr., Esq.**
**Stevens & Lee PC**
**300 Delaware Avenue, Ste. 800**
**Wilmington, DE 19801**
**F:  (302) 654-5181**

**Bernard G. Conaway, Esq.**
**Fox Rothschild LLP**
**919 N. Market Street**
**Wilmington, DE 19801**
**F:  (302) 656-8920**
**(Counsel to Konica Minolta)**

**Christopher D. Loizides, Esq.**
**Loizides & Associates**
**1200 Pennsylvania Avenue, Ste. 202-A**
**Wilmington, DE 19806**
**F:  (302) 654-0728**

```
Document #: 38120
```

**Michael Sage, Esq.**
**Stroock & Stroock & Lavan**
**180 Maiden Lane**
**New York, NY 10038**
**F: (212) 806-6006**
**(Counsel to MHR)**

**Richard Cobb, Esq.**
**Megan Harper, Esq.**
**Landis Rath & Cobb LLP**
**919 Market Street, Ste. 600**
**Wilmington, DE 19801**
**F: (302) 467-4450**
**(Counsel to MHR)**

Under penalty of perjury, I declare that the foregoing is true and correct.

__5/2/2005_____        __/s/ Heidi E. Sasso_____
Date                                     Heidi E. Sasso

Document #: 38120